UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL McGORE,

    Plaintiff,

v.

CASE NO. 14-14716
HONORABLE AVERN COHN

UNITED STATES SUPREME COURT
JUSTICES, KYM WORTHY, and the
MICHIGAN PAROLE BOARD,

    Defendants.
_____/

## MEMORANDUM AND ORDER
## DENYING LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE
## AND
## DISMISSING THE COMPLAINT WITHOUT PREJUDICE

I.

This is a pro se civil rights action for money damages under 42 U.S.C. § 1983. Plaintiff Darryl McGore is a state prisoner at the Carson City Correctional Facility in Carson City, Michigan. His complaint challenges a provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Specifically, plaintiff takes issue with 28 U.S.C. § 2244(b), as amended by AEDPA, which governs second or successive habeas corpus petitions filed by state prisoners under 28 U.S.C. § 2254. Plaintiff claims that § 2244(b) is unconstitutional and that courts have retroactively applied § 2244(b) to prevent him for filing a successive habeas petition. As will be explained, plaintiff appears to seek to proceed without prepayment of the filing fee; he cannot do so. Accordingly, plaintiff will be denied permission to proceed without prepayment of the filing fee and the complaint will be dismissed without prejudice.

II.

Plaintiff commenced this action on December 12, 2014, by filing his pro se complaint under § 1983 and a certified statement of his trust fund account at the Carson City Correctional Facility. Plaintiff did not prepay the filing fee for this action, nor submit an application for leave to proceed in forma pauperis. The Court nevertheless assumes from the filing of his certified financial statement that plaintiff seeks leave to proceed without prepayment of the filing fee.

Under the "three strikes" provision of the Prisoner Litigation Reform Act of 1996 (PLRA), a prisoner may not bring a civil action or appeal without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has been a prolific litigator in federal court. A review of court records reveals that more than three of plaintiff's previous cases were dismissed as frivolous or for failure to state a claim. See McGore v. Michigan Supreme Court Judges, No. 1:94-cv-00517 (W.D. Mich. Jan. 25, 1995); McGore v. Nardi, et al., No. 2:93-cv-00137 (W.D. Mich. Aug. 2, 1993); McGore v. Stine, et al., No. 2:93-cv-00112 (W.D. Mich. July 26, 1993); McGore v. Stine, et al., No. 2:93-cv-00077 (W.D. Mich. Apr. 30, 1993). Although these dismissals occurred before the 1996 effective date of the PLRA, they "may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." Wilson v. Yaklich, 148 F.3d 596, 604 (6th Cir. 1998).

Moreover, more recently, plaintiff has been warned in prior cases that he has "three strikes" and that he may not proceed without prepayment of the filing fee for his complaints.

See McGore v. Lutz, et al., No. 2:09-cv-13031 (E.D. Mich. Aug. 11, 2009); McGore v. Rich, et al., No. 1:09-cv-00395 (W.D. Mich. May 12, 2009, and July 6, 2009); McGore v. McKee, et al., No. 1:04-cv-00421 (W.D. Mich. June 29, 2004, and Aug. 11, 2004); McGore v. Gundy, et al., No. 1:00-cv-00155 W.D. Mich. Mar. 15, 2000, May 3, 2000, and June 26, 2000). Therefore, plaintiff may proceed without prepayment of the filing fee for this action only if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff alleges that § 2244(b) violates his right of access to the courts and has caused him physical injury. The Court of Appeals for the Sixth Circuit, however, has stated that,

> to allege sufficiently imminent danger, . . . "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." Ritter v. Kinder, 290 Fed. Appx. 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." Id. at 797–98; see also Taylor [v. First Medical Management, 508 Fed. Appx. 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); Percival v. Gerth, 443 Fed. Appx. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); cf. Pointer [v. Wilkinson, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
>   In addition to a temporal requirement, [the Sixth Circuit has] explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." Rittner, 290 Fed. Appx. at 798 (internal quotation marks and citations omitted); see also Taylor, 508 Fed. Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

Vandiver v. Prison Health Services, Inc., 727 F.3d 580, 585 (6th Cir. 2013).

14-14716 McGore v. United States Supreme Court, et al

Plaintiff has failed to indicate how he has been physically injured, and he has not demonstrated that he was in "imminent danger of serious physical injury" when he filed his complaint. His allegation of "imminent danger" is conclusory. As such, plaintiff has failed to establish that his complaint falls within the exception to § 1915(g).

III.

For the reasons stated above, plaintiff's implied request to proceed without prepayment of the filing fee for this action (Doc. 2) is **DENIED**. The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $400.00 filing fee.

Finally, the Court certifies that an appeal from this order would be frivolous and, therefore, could not be taken in good faith, 28 U.S.C. § 1915(a)(3), or without prepayment of the appellate filing fee, 28 U.S.C. § 1915(g).

SO ORDERED.

S/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2015
Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 8, 2015, by electronic and/or ordinary mail.
S/Sakne Chami
Case Manager, (313) 234-516

4